**Elaine E. Block, Plaintiff-Appellee, v. Walter M. Block, Defendant-Appellant.**

**Gen. Nos. 53,191, 53,767. (Not Consolidated.)**

First District, Fourth Division.

January 28, 1970.

Walter M. Block, pro se, of Los Angeles, California.

Torme & Horwich, of Chicago (Joseph H. Horwich, of counsel), for appellee.

OPINION

PER CURIAM:
On January 3, 1970, defendant sent a lengthy telegram to this court which contained the following language:

"Marrying another woman soon. Hereby withdraw appeal covering judgment divorce." (Case No. 53767)

We studied the record and the voluminous correspondence and other documents in the appeal, and concluded that defendant's telegram should properly be considered as a motion to dismiss his appeal. We therefore granted plaintiff an opportunity to respond to defendant's motion and she did so through her counsel by document dated January 9, 1970, which was mailed to defendant, who for quite some time has lived in California and has not been represented by counsel. Defendant replied by seven-page letter, a copy of which was received by this court. Amidst charges of various crimes or contempts on the part of his wife, her former attorneys, trial court judges, the clerk of this court, and others, and recommendations for jail sentences, disbarment, impeachment, etc., defendant restated his wish that his appeal from the divorce decree be withdrawn so he could marry another woman.

Appeal Number 53,767 is therefore dismissed on motion of the appellant. Considering defendant's charges recited above as petitions for action by this court, they are hereby denied.

In another case pending in this court (Number 53,191), defendant had appealed from an order of June 13, 1968, directing him to pay temporary alimony to plaintiff. Since dismissal of appeal Number 53,767 leaves the divorce decree (which was entered on October 25, 1968) in full force and effect, we are required to examine that decree to ascertain its effect on the prior order for temporary alimony.

The decree recites that certain of its provisions were based upon an oral agreement "freely and voluntarily entered into by and between the parties." Pertinent are the following paragraphs of the decree:

(B) That all rights, claims and demands of the plaintiff to alimony, past, present and future from the defendant shall be and the same are hereby forever barred, terminated, ended and released, the plaintiff having heretofore in open Court waived and relinquished such rights and claims against the defendant.

. . .

(H) That all Appeals heretofore taken in conjunction with this cause, namely Elaine E. Block vs. Walter M. Block, shall be dismissed instanter.

It appears from defendant's telegram that, after recognizing the validity of the divorce decree through dismissal of his appeal therefrom, he nevertheless wished to proceed with the appeal from the order for temporary alimony. This we consider to be legally inconsistent, and defendant's request therefor must be denied. Giving effect to paragraph (B) of the decree, the order for temporary alimony has become unenforceable. By that provision, in conjunction with paragraph (H) of the decree, it was obviously the intent of the parties and the court to dispose of the issue concerning the temporary alimony order. Accordingly, defendant's appeal Number 53,191 is also dismissed.

Viewing the divorce decree in its entirety, the intention becomes apparent to dispose finally of all matters then pending between the parties. This included still another appeal by defendant (Number 52,717) from a contempt order entered December 5, 1967, against defendant for violating an injunction which had restrained him from any oral communication with plaintiff. Defendant's telegram also expressed his desire that this appeal be permitted to proceed. It is our understanding, from statements made by plaintiff's counsel in open court (at the time of oral argument in cases numbered 53,191 and 53,767), and from documents filed in this court, that

counsel had been formally advised by the trial judge who had entered the contempt order that no action would be taken in regard to its enforcement. No order by this court on this subject appears to be appropriate, however, since we had dismissed that appeal for want of prosecution on September 25, 1968, defendant having failed to file abstracts and briefs as required by Supreme Court Rule 307(c), Ill Rev Stats 1967, c 110A, § 307(c).

Appeals dismissed.